I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 5-13-15

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
MAY 13 2015
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON EARL JOHNSON, JR., | Case No. CV 15-3359-SVW (RNB) |
| Petitioner, | |
| vs. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| M. BITER, Warden, | |
| Respondent. | |

    Petitioner is a California prisoner currently incarcerated at a state prison facility in Delano, California. On May 5, 2015, he filed herein a Petition for Writ of Habeas Corpus.

    It appears from the face of the Petition that it is directed to the same 2007 Los Angeles County Superior Court judgment of conviction as the prior habeas petition filed by petitioner in this Court on November 13, 2008, in Case No. CV 08-7473-SVW (FMO) [the "Prior Action"]. On May 18, 2010, Judgment was entered in the Prior Action denying the habeas petition on the merits. Concurrently, the Court issued an Order denying petitioner's request for a Certificate of Appealability. Although petitioner appealed from the Judgment, he then voluntarily dismissed the appeal.

//

    The Petition now pending is governed by the provisions of the Antiterrorism

and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Petition now pending constitutes a second and/or successive petition challenging the same judgment of conviction as the petition in the Prior Action, within the meaning of 28 U.S.C. § 2244(b). Since the five grounds for relief being alleged

in the Petition qualify as new sentencing error claims that were not presented in the Prior Action, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 11, 2015

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge